```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

JAMES WILTSHIRE,                              10 Civ. 6947

                    Plaintiff,                OPINION

    -against-

KEAGAN MARIE WILLIAMS, JESSICA TROY,
WILLIAM DARROW, CYRUS R. VANCE, JR., P.O.
RACQUEL WARBURTON, SERGEANT RICARDO SANTOS,
SERGEANT JOHN WERNICKU, THE CITY OF NEW YORK,
and JOHANNA WIRTH,

                    Defendants.

-----------------------------------------X
```



A P P E A R A N C E S:

    Pro Se

    James V. Wiltshire
    800 Main Street
    New York, NY  10044


    Attorneys for Defendants

    OFFICE OF CORPORATION COUNSEL OF THE CITY OF NEW YORK
    100 Church Street
    New York, NY  10007
    By:  Mary Theresa O'Flynn, Esq.
        Bradford Collins Patrick, Esq.
        Steven Mark Silverberg, Esq.

    NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE
    1 Hogan Place
    New York, NY  10013
    By:  Anne Louise Schwartz, Esq.

**Sweet, D.J.**

Defendants Keagan Marie Williams, Jessica Troy, William Darrow and Cyrus R. Vance, Jr. (the "DA Defendants") have moved, pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint of James Wiltshire ("Wiltshire" or the "Plaintiff"). Based upon the conclusions set forth below, the DA Defendants' motion is granted. Wiltshire's complaint with respect to the DA Defendants is dismissed with leave to replead. If Wiltshire fails to amend his complaint within thirty days, Wiltshire's claims against the DA Defendants will be dismissed with prejudice.

**Prior Proceedings**

On September 14, 2010, the Plaintiff filed a complaint against Keagan Marie Williams, Jessica Troy, William Darrow, Cyrus R. Vance, Jr. and the New York County District Attorney's Office (the "Previous DA Defendants"), as well as Mayor Michael R. Bloomberg, NYPD Deputy Inspector Raymond Caroli, Corporation Counsel Michael A. Cardozo, NYPD Police Commissioner Raymond W. Kelly, New York City Comptroller John C. Liu, Police Officer Racquel Warburton, the New York City Police Department, the

Office of the Comptroller of the City of New York and the Office of the Mayor of the City of New York (the "Previous City Defendants").

On November 24, 2010, the Previous DA Defendants moved to dismiss the Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). On December 6, 2010, the Previous City Defendants also filed a motion to dismiss Wiltshire's complaint.

On January 10, 2011, the Court granted the Plaintiff leave to amend his complaint. On March 10, the Court granted the Previous DA Defendants' motion to dismiss for lack of opposition, and, on March 17, the Court granted the Previous City Defendants' motion to dismiss for the same reason. Because the motions to dismiss were granted on grounds that the Plaintiff failed to oppose them, the complaint was dismissed without prejudice with respect to both the Previous DA Defendants and the Previous City Defendants. The Plaintiff was granted 60 days to file an amended complaint.

**The First Amended Complaint**

2

On May 16, 2011, Wiltshire filed his first amended complaint (the "FAC") against Keagan Marie Williams, Jessica Troy, William Darrow and Cyrus R. Vance, Jr. (the "DA Defendants"), the City of New York and P.O. Racquel Warburton (the "City Defendants") as well as Sergeant Ricardo Santos ("Santos"), Sergeant John Wernicku ("Wernicku") and Johanna Wirth ("Wirth"). The FAC alleges various causes of action including false arrest, false imprisonment, detention and confinement, assault, battery, malicious prosecution, negligence, conspiracy, negligent training and supervision, supervisory liability, defamation, invasion of privacy, violation of statutory rights, interference with prospective advantage and loss of potential income and municipal liability, based upon the events surrounding his June 5, 2010 arrest and his subsequent appearances in New York County Criminal Court on June 10, July 9 and July 27, 2010.

On June 13, 2011, the DA Defendants moved to dismiss the FAC. On June 22, the Court issued a scheduling order stating that the DA Defendants' motion to dismiss would be heard on submission, without oral argument, on August 10, 2011. On July 6, 2011, the City Defendants filed an answer. To date, no

3

opposition to the DA Defendants' motion to dismiss has been received.

**The FAC Is Dismissed With Respect To The DA Defendants**

Where a plaintiff proceeds pro se, a court must liberally construe his submissions on "the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)). Courts construing pro se complaints must "interpret [it] 'to raise the strongest arguments that [it] suggest[s]." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

On a motion to dismiss pursuant to Rule 12, all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). The issue "is not whether a plaintiff will ultimately prevail but whether

4

the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 235-36, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555).

Where a pro se complaint read liberally "gives any indication that a valid claim might be stated," a district court "should not dismiss without granting leave to amend at least once[.]" Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (citing Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir.

1999).  Here, Wiltshire has previously been afforded the opportunity to file an amended complaint.  However, recognizing the Court's obligation to protect pro se litigants from inadvertent default because of their lack of legal training, Abbas, 480 F.3d at 639, the Court is hesitant to dismiss Wiltshire's claims against the DA Defendants without affording the Plaintiff one last opportunity to file an amended complaint.  Accordingly, the DA Defendants' motion to dismiss is granted, but the Plaintiff is permitted leave to replead.  If Wiltshire fails to file an amended complaint within thirty days, Wiltshire's claims against the DA Defendants will be dismissed with prejudice.  See Mitchell v. N.Y. City Police Dep't, No. 10-CV-3201(JG)(LB), 2010 WL 5313531, at *4 (E.D.N.Y. Dec. 17, 2010) (granting defendant's motion to dismiss but permitting pro se plaintiff, who filed no opposition and failed to appear for oral argument, thirty days to replead, after which time the complaint would be dismissed with prejudice).

**Conclusion**

Based on the conclusions set forth above, the DA Defendants' motion to dismiss is granted.  Should Wiltshire fail

6

to amend his complaint within thirty days, his claims against the DA Defendants will be dismissed with prejudice.

It is so ordered.

**New York, NY**
**December 29, 2011**

_____
**ROBERT W. SWEET**
**U.S.D.J.**

7