UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JAMES V. WILTSHIRE,                          10 Civ. 6947 (RWS)

                    Plaintiff,                    OPINION

     -against-

KEAGAN MARIE WILLIAMS, JESSICA TROY,
WILLIAM DARROW, CYRUS R. VANCE, JR., P.O.
RAQUEL WARBURTON, SERGEANT RICARDO SANTOS,
SERGEANT JOHN WERNICKU, THE CITY OF NEW YORK,
and JOHANNA WIRTH,

                    Defendants.

------------------------------------X

A P P E A R A N C E S :

          Pro Se

          James V. Wiltshire
          560 Main Street, Apt. 474
          New York, NY  10044

          Attorneys for Defendants Keagan Marie Williams,
          Jessica Troy, William Darrow and Cyrus R. Vance, Jr.

          NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE
          1 Hogan Place
          New York, NY  10013
          By:  Anne Louise Schwartz, Esq.

          Attorneys for Defendants City of New York and Raquel
          Warburton

          OFFICE OF CORPORATION COUNSEL OF THE CITY OF NEW YORK
          100 Church Street
          New York, NY  10007
          By:  Mary Theresa O'Flynn, Esq.
               Bradford Collins Patrick, Esq.
               Steven Mark Silverberg, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/13

**Sweet, D.J.**

Plaintiff James V. Wiltshire ("Plaintiff"), proceeding
pro se, has moved for relief pursuant to Fed. R. Civ. P. 60(b)
("Rule 60(b)") from the judgment issued on March 15, 2012.  For
the reasons discussed below, the motion is denied.

## Prior Proceedings

Plaintiff brought his initial complaint in this action
on September 14, 2010.  The complaint was dismissed in its
entirety, without prejudice, by order dated March 18, 2011.
Plaintiff brought an amended complaint on May 16, 2011, alleging
violations of his constitutional rights, as well as related
state law claims.  The amended complaint named as defendants:
Kaegan Marie Williams, Jessica Troy, William Darrow, Cyrus R.
Vance, Jr., Sergeant Ricardo Santos, Sergeant John Wernicki,
Johanna Wirth, P.O. Raquel Warburton and the City of New York.
Defendants Williams, Troy, Darrow and Vance, Jr. (the "DA
Defendants"), filed a motion to dismiss the amended complaint on
June 14, 2011, which was granted in its entirety by an opinion
issued on January 3, 2012 (the "January 2012 Opinion").
Defendants  Sergeant Ricardo Santos, Sergeant John Wernicki,
Johanna Wirth, P.O. Raquel Warburton and the City of New York

2

(the "City Defendants") moved for dismissal of the amended complaint on February 15, 2012, and that motion was granted in its entirety by a decision and order issued on March 15, 2012 (the "March 15, 2012 Order").  In the March 16, 2012 Order, the Court granted Plaintiff's motion for reconsideration with respect to the DA Defendants prior motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), but nonetheless affirmed the conclusion reached in the January 2012 Opinion granting the DA Defendants' motion to dismiss.  Furthermore, the Court held that because any further amendment of the Plaintiff's complaint would be futile, Plaintiff's claims against the City Defendants and the DA Defendants were dismissed with prejudice.

Plaintiff subsequently appealed to the Second Circuit. On June 15, 2012, Plaintiff's appeal was deemed to be in default by the Second Circuit.  Plaintiff application to reinstate his appeal was denied.  The Second Circuit held that Plaintiff's appeal was frivolous for the reasons fully stated in the March 15, 2012 Order, and found no showing of manifest injustice.  On November 27, 2012, the Second Circuit dismissed Plaintiff's appeal.

On March 13, 2013 Plaintiff filed a document entitled "Motion for Relief from Decision/Order dated March 15, 2012;

3

Memorandum of mistakes of facts and laws in support of Plaintiff's motion for Relief from Decision/Order dated March 15, 2012" ("Pl. Rule 60(b) Motion").  This submission has been construed as a motion for relief pursuant to Rule 60(b) from the judgment issued on March 15, 2012.[1]

**Discussion**

The "disposition of a Rule 60(b) motion rests within the sound discretion of the District Court," <u>Canale v. Manco Power Sports</u>, LLC, No. 06 Civ. 6131 (PKL), 2010 U.S. Dist. LEXIS 69652, at *5 (S.D.N.Y. July 13, 2010) (<u>citing</u> <u>Tyger v. Air Line Pilots Ass'n, Int'l</u>, No. 04 Civ. 55 (DLI) (RLM), 2007 U.S. Dist. LEXIS 16057, at *5 (E.D.N.Y. Mar. 7, 2007)), and "the burden of proof is on the party seeking relief from judgment." <u>United States v. Int'l Bhd. Of Teamsters</u>, 247 F.3d 370, 391 (2d Cir. 2001).

Section (b) of Rule 60 is designed to "strike[] a balance between serving the ends of justice and preserving the

---

[1] A pro se litigant's pleading is construed liberally, and is read as raising the strongest possible arguments it suggests. <u>Pabon v. Wright</u>, 459 F.3d 241, 248 (2d Cir. 2006).

finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d

Cir. 1986) (citations omitted).  Rule 60(b) provides as follows:

> On motion and just terms, the court may
> relieve a party or its legal representative
> from a final judgment, order, or proceeding
> for the following reasons: (1) mistake,
> inadvertence, surprise, or excusable
> neglect; (2) newly discovered evidence that,
> with reasonable diligence, could not have
> been discovered in time to move for a new
> trial under Rule 59(b); (3) fraud (whether
> previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an
> opposing party; (4) the judgment is void;
> (5) the judgment has been satisfied,
> released or discharged; it is based on an
> earlier judgment that has been reversed or
> vacated; or applying it prospectively is no
> longer equitable; or (6) any other reason
> that justifies relief.

Id.  The Second Circuit has cautioned district courts against

reopening final judgments by using Rule 60(b).  Nemaizer, 793

F.2d at 61 (quotation marks and citations omitted).  Further,

"courts should not encourage the reopening of final judgment or

casually permit relitigation of litigated issues out of a

friendliness to claims of unfortunate failures to put in one's

best case."  United States v. Cirami, 563 F.2d 26, 33 (2d Cir.

1977).  In general, "[m]otions for relief under Rule 60(b) are

disfavored, and are reserved for exceptional cases."  Canale,

2010 U.S. Dist. LEXIS 69652, at *6.

Evidence in support of a Rule 60(b) motion must be
"highly convincing." Kotlicky v. U.S. Fidelity & Guar. Co., 817
F.2d 6, 9 (2d Cir. 1987) (citing Cirami, 563 F.2d at 33).  To
meet this standard, the movant must at a minimum present some
meritorious claim which the new evidence will allow him to
pursue.  See id. at 35 (granting 60(b) relief where the
plaintiff had a "meritorious defense which could have been
asserted but for a truly extraordinary turn of events"); Boehner
v. Heise, No. 03 Civ. 5453 (THK), 2009 U.S. Dist. LEXIS 41471,
at *10 (S.D.N.Y. May 14, 2009).


This Court has decided, and the Second Circuit has
affirmed, that Plaintiff has no meritorious claim against the
City Defendants.  The instant motion does not offer any viable
grounds upon which the final judgment in this case should be
overturned.  Plaintiff has contended that the judgment was
erroneous because the Court failed to apply the Full Faith and
Credit Act, 28 U.S.C. § 1738, in that there were issues of fact
and law purportedly litigated during the pendency of his
criminal prosecution which Plaintiff contends were
"inadvertently overlooked, misapplied, confused or just plainly
ignored" by the Court in its March 15, 2012 Opinion.  Pl. Rule
60(b) Motion at 3.

6

"Under the full faith and credit statute, 28 U.S.C. §
1738, federal courts in § 1983 actions must give state court
judgments the same preclusive effect they would receive in state
court and under state law." Kanciper v. Suffolk County Spca,
Inc., No. 12 Civ. 2104 (ADS) (ARL), 2013 U.S. Dist. LEXIS 25402,
at *54 (E.D.N.Y. Feb. 23, 2013) (citing Martin A. Schwartz &
Kathryn R. Urbonya, Section 1983 Litigation 165 (2d ed. 2008)).
Under New York law, the doctrine of collateral estoppel will
preclude a federal court from deciding an issue if "(1) the
issue in question was actually and necessarily decided in a
prior proceeding; and (2) the party against whom the doctrine is
asserted had a full and fair opportunity to litigate the issue
in the first proceeding." Vargas v. City of New York, 377 F.3d
200, 205-06 (2d Cir. 2004) (quoting Colon v. Coughlin, 58 F.3d
865, 869 (2d Cir. 1995)).

In the instant case, Plaintiff has contended that the
dismissal of his criminal case precludes a finding in his
federal action that there was probable cause to arrest and
prosecute him.  However, even though a criminal court found that
there was insufficient evidence to find Plaintiff guilty of a
crime beyond reasonable doubt, that in no way precludes the
defendants in a civil rights action to from arguing that there
existed probable cause to arrest plaintiff and prosecute him for

7

that crime.  See Walczyk v. Rio, 496 F.3d 139, 151 (2d Cir.
2007) (citing Jenkins v. City of New York, 478 F.3d 76, 85-86
(2d Cir. 2007) (holding that a ruling in New York state criminal
proceeding that defendant's arrest was not supported by probable
cause *did not* collaterally estop police from relitigating that
question when the defendant asserted a §1983 action against the
police arising from that arrest).  Moreover, the police officer
defendant and the City of New York were not parties to the
underlying criminal action, and therefore did not have an
opportunity at the criminal stage to argue for the existence of
probable cause at the time of the arrest.  See Jenkins, 478 F.3d
at 85 (citing a New York Court of Appeals holding, Brown v. City
of New York, 60 N.Y.2d 897, 898 (1983), that the relationship
between a municipality and a district attorney is not one of
privity, and thus they "do not stand in sufficient relationship
to apply the doctrine of [collateral estoppel]").


        Accordingly, Plaintiff has not established that he is
entitled to relief pursuant to Rule 60(b)(1) due to a mistake by
the Court regarding the Full Faith and Credit Act, nor has he
presented any other basis for relief pursuant to Rule 60(b).

**Conclusion**

       Based on the conclusions set forth above, Plaintiff's motion for relief pursuant to Rule 60(b) is denied with prejudice.

New York, NY
June   /8, 2013

                          ROBERT W. SWEET
                             U.S.D.J.