UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

JAMES V. WILTSHIRE,                              10 Civ. 6947 (RWS)

                        Plaintiff,                      OPINION

      -against-

KEAGAN MARIE WILLIAMS, JESSICA TROY,
WILLIAM DARROW, CYRUS R. VANCE, JR., P.O.
RAQUEL WARBURTON, SERGEANT RICARDO SANTOS,
SERGEANT JOHN WERNICKU, THE CITY OF NEW YORK,
and JOHANNA WIRTH,

                        Defendants.

-------------------------------------X

A P P E A R A N C E S:

      Pro Se

      James V. Wiltshire
      560 Main Street, Apt. 474
      New York, NY  10044

      Attorneys for Defendants Keagan Marie Williams,
      Jessica Troy, William Darrow and Cyrus R. Vance, Jr.

      NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE
      1 Hogan Place
      New York, NY  10013
      By:  Anne Louise Schwartz, Esq.

      Attorneys for Defendants City of New York and Raquel
      Warburton

      OFFICE OF CORPORATION COUNSEL OF THE CITY OF NEW YORK
      100 Church Street
      New York, NY  10007
      By:  Mary Theresa O'Flynn, Esq.
           Bradford Collins Patrick, Esq.
           Steven Mark Silverberg, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/13

**Sweet, D.J.**

Plaintiff James V. Wiltshire ("Plaintiff"), proceeding pro se, has moved for relief pursuant to Fed. R. Civ. P. 60(b) ("Rule 60(b)") from the judgment issued on March 15, 2012.  For the reasons discussed below, the motion is denied.

## Prior Proceedings

Plaintiff brought his initial complaint in this action on September 14, 2010.  The complaint was dismissed in its entirety, without prejudice, by order dated March 18, 2011. Plaintiff brought an amended complaint on May 16, 2011, alleging violations of his constitutional rights, as well as related state law claims.  The amended complaint named as defendants: Kaegan Marie Williams, Jessica Troy, William Darrow, Cyrus R. Vance, Jr., Sergeant Ricardo Santos, Sergeant John Wernicki, Johanna Wirth, P.O. Raquel Warburton and the City of New York. Defendants Williams, Troy, Darrow and Vance, Jr. (the "DA Defendants"), filed a motion to dismiss the amended complaint on June 14, 2011, which was granted in its entirety by an opinion issued on January 3, 2012 (the "January 2012 Opinion"). Defendants  Sergeant Ricardo Santos, Sergeant John Wernicki, Johanna Wirth, P.O. Raquel Warburton and the City of New York

2

(the "City Defendants") moved for dismissal of the amended
complaint on February 15, 2012, and that motion was granted in
its entirety by a decision and order issued on March 15, 2012
(the "March 15, 2012 Order").  In the March 16, 2012 Order, the
Court granted Plaintiff's motion for reconsideration with
respect to the DA Defendants prior motion to dismiss pursuant to
Fed. R. Civ. P. 12(b)(6), but nonetheless affirmed the
conclusion reached in the January 2012 Opinion granting the DA
Defendants' motion to dismiss.  Furthermore, the Court held that
because any further amendment of the Plaintiff's complaint would
be futile, Plaintiff's claims against the City Defendants and
the DA Defendants were dismissed with prejudice.

Plaintiff subsequently appealed to the Second Circuit.
On June 15, 2012, Plaintiff's appeal was deemed to be in default
by the Second Circuit.  Plaintiff application to reinstate his
appeal was denied.  The Second Circuit held that Plaintiff's
appeal was frivolous for the reasons fully stated in the March
15, 2012 Order, and found no showing of manifest injustice.  On
November 27, 2012, the Second Circuit dismissed Plaintiff's
appeal.

On March 13, 2013 Plaintiff filed a document entitled
"Motion for Relief from Decision/Order dated March 15, 2012;

Memorandum of mistakes of facts and laws in support of
Plaintiff's motion for Relief from Decision/Order dated March
15, 2012" ("Pl. Rule 60(b) Motion").  This submission has been
construed as a motion for relief pursuant to Rule 60(b) from the
judgment issued on March 15, 2012.[1]

**Discussion**

The "disposition of a Rule 60(b) motion rests within
the sound discretion of the District Court," Canale v. Manco
Power Sports, LLC, No. 06 Civ. 6131 (PKL), 2010 U.S. Dist. LEXIS
69652, at *5 (S.D.N.Y. July 13, 2010) (citing Tyger v. Air Line
Pilots Ass'n, Int'l, No. 04 Civ. 55 (DLI) (RLM), 2007 U.S. Dist.
LEXIS 16057, at *5 (E.D.N.Y. Mar. 7, 2007)), and "the burden of
proof is on the party seeking relief from judgment." United
States v. Int'l Bhd. Of Teamsters, 247 F.3d 370, 391 (2d Cir.
2001).

Section (b) of Rule 60 is designed to "strike[] a
balance between serving the ends of justice and preserving the

---

[1] A pro se litigant's pleading is construed liberally, and is
read as raising the strongest possible arguments it suggests.
Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d

Cir. 1986) (citations omitted).  Rule 60(b) provides as follows:

> On motion and just terms, the court may
> relieve a party or its legal representative
> from a final judgment, order, or proceeding
> for the following reasons: (1) mistake,
> inadvertence, surprise, or excusable
> neglect; (2) newly discovered evidence that,
> with reasonable diligence, could not have
> been discovered in time to move for a new
> trial under Rule 59(b); (3) fraud (whether
> previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an
> opposing party; (4) the judgment is void;
> (5) the judgment has been satisfied,
> released or discharged; it is based on an
> earlier judgment that has been reversed or
> vacated; or applying it prospectively is no
> longer equitable; or (6) any other reason
> that justifies relief.

Id.  The Second Circuit has cautioned district courts against

reopening final judgments by using Rule 60(b).  Nemaizer, 793

F.2d at 61 (quotation marks and citations omitted).  Further,

"courts should not encourage the reopening of final judgment or

casually permit relitigation of litigated issues out of a

friendliness to claims of unfortunate failures to put in one's

best case." United States v. Cirami, 563 F.2d 26, 33 (2d Cir.

1977).  In general, "[m]otions for relief under Rule 60(b) are

disfavored, and are reserved for exceptional cases." Canale,

2010 U.S. Dist. LEXIS 69652, at *6.

Evidence in support of a Rule 60(b) motion must be "highly convincing." Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987) (citing Cirami, 563 F.2d at 33). To meet this standard, the movant must at a minimum present some meritorious claim which the new evidence will allow him to pursue. See id. at 35 (granting 60(b) relief where the plaintiff had a "meritorious defense which could have been asserted but for a truly extraordinary turn of events"); Boehner v. Heise, No. 03 Civ. 5453 (THK), 2009 U.S. Dist. LEXIS 41471, at *10 (S.D.N.Y. May 14, 2009).

This Court has decided, and the Second Circuit has affirmed, that Plaintiff has no meritorious claim against the City Defendants. The instant motion does not offer any viable grounds upon which the final judgment in this case should be overturned. Plaintiff has contended that the judgment was erroneous because the Court failed to apply the Full Faith and Credit Act, 28 U.S.C. § 1738, in that there were issues of fact and law purportedly litigated during the pendency of his criminal prosecution which Plaintiff contends were "inadvertently overlooked, misapplied, confused or just plainly ignored" by the Court in its March 15, 2012 Opinion. Pl. Rule 60(b) Motion at 3.

"Under the full faith and credit statute, 28 U.S.C. §
1738, federal courts in § 1983 actions must give state court
judgments the same preclusive effect they would receive in state
court and under state law." Kanciper v. Suffolk County Spca,
Inc., No. 12 Civ. 2104 (ADS) (ARL), 2013 U.S. Dist. LEXIS 25402,
at *54 (E.D.N.Y. Feb. 23, 2013) (citing Martin A. Schwartz &
Kathryn R. Urbonya, Section 1983 Litigation 165 (2d ed. 2008)).
Under New York law, the doctrine of collateral estoppel will
preclude a federal court from deciding an issue if "(1) the
issue in question was actually and necessarily decided in a
prior proceeding; and (2) the party against whom the doctrine is
asserted had a full and fair opportunity to litigate the issue
in the first proceeding." Vargas v. City of New York, 377 F.3d
200, 205-06 (2d Cir. 2004) (quoting Colon v. Coughlin, 58 F.3d
865, 869 (2d Cir. 1995)).

In the instant case, Plaintiff has contended that the
dismissal of his criminal case precludes a finding in his
federal action that there was probable cause to arrest and
prosecute him.  However, even though a criminal court found that
there was insufficient evidence to find Plaintiff guilty of a
crime beyond reasonable doubt, that in no way precludes the
defendants in a civil rights action to from arguing that there
existed probable cause to arrest plaintiff and prosecute him for

7

that crime.  See Walczyk v. Rio, 496 F.3d 139, 151 (2d Cir.

2007) (citing Jenkins v. City of New York, 478 F.3d 76, 85-86

(2d Cir. 2007) (holding that a ruling in New York state criminal

proceeding that defendant's arrest was not supported by probable

cause *did not* collaterally estop police from relitigating that

question when the defendant asserted a §1983 action against the

police arising from that arrest).  Moreover, the police officer

defendant and the City of New York were not parties to the

underlying criminal action, and therefore did not have an

opportunity at the criminal stage to argue for the existence of

probable cause at the time of the arrest.  See Jenkins, 478 F.3d

at 85 (citing a New York Court of Appeals holding, Brown v. City

of New York, 60 N.Y.2d 897, 898 (1983), that the relationship

between a municipality and a district attorney is not one of

privity, and thus they "do not stand in sufficient relationship

to apply the doctrine of [collateral estoppel]").


     Accordingly, Plaintiff has not established that he is

entitled to relief pursuant to Rule 60(b)(1) due to a mistake by

the Court regarding the Full Faith and Credit Act, nor has he

presented any other basis for relief pursuant to Rule 60(b).


8

**Conclusion**

        Based on the conclusions set forth above, Plaintiff's motion for relief pursuant to Rule 60(b) is denied with prejudice.

New York, NY
June    18, 2013

                              ROBERT W. SWEET
                                 U.S.D.J.