```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

JAMES V. WILTSHIRE,                              10 Civ. 6947 (RWS)

                        Plaintiff,                   OPINION

    -against-

KEAGAN MARIE WILLIAMS, JESSICA TROY,
WILLIAM DARROW, CYRUS R. VANCE, JR., P.O.
RAQUEL WARBURTON, SERGEANT RICARDO SANTOS,
SERGEANT JOHN WERNICKU, THE CITY OF NEW YORK,
and JOHANNA WIRTH,

                        Defendants.

-----------------------------------------X

A P P E A R A N C E S:

        Pro Se

        James V. Wiltshire
        560 Main Street, Apt. 474
        New York, NY  10044


        Attorneys for Defendants Keagan Marie Williams,
        Jessica Troy, William Darrow and Cyrus R. Vance, Jr.

        NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE
        1 Hogan Place
        New York, NY  10013
        By:  Anne Louise Schwartz, Esq.
```

**Sweet, D.J.**

Plaintiff James V. Wiltshire ("Plaintiff"), proceeding pro se, has moved for relief pursuant to Fed. R. Civ. P. 60(b) ("Rule 60(b)") from the judgment issued on March 15, 2012. For the reasons set forth below, the motion is denied.

**Prior Proceedings**

Plaintiff brought his initial complaint in this action on September 14, 2010. The complaint was dismissed in its entirety, without prejudice, by order dated March 18, 2011. Plaintiff brought an amended complaint on May 16, 2011, alleging violations of his constitutional rights, as well as related state law claims. The amended complaint named as defendants: Kaegan Marie Williams, Jessica Troy, William Darrow, Cyrus R. Vance, Jr., Sergeant Ricardo Santos, Sergeant John Wernicki, Johanna Wirth, P.O. Raquel Warburton and the City of New York. Defendants Williams, Troy, Darrow and Vance, Jr. (the "DA Defendants"), filed a motion to dismiss the amended complaint on June 14, 2011, which was granted in its entirety by an opinion issued on January 3, 2012 (the "January 2012 Opinion"). Defendants Sergeant Ricardo Santos, Sergeant John Wernicki, Johanna Wirth, P.O. Raquel Warburton and the City of New York

2

(the "City Defendants") moved for dismissal of the amended complaint on February 15, 2012, and that motion was granted in its entirety by a decision and order issued on March 15, 2012 (the "March 15, 2012 Order"). In the March 16, 2012 Order, the Court granted Plaintiff's motion for reconsideration with respect to the DA Defendants prior motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), but nonetheless affirmed the conclusion reached in the January 2012 Opinion granting the DA Defendants' motion to dismiss. Furthermore, the Court held that because any further amendment of the Plaintiff's complaint would be futile, Plaintiff's claims against the City Defendants and the DA Defendants were dismissed with prejudice.

Plaintiff subsequently appealed to the Second Circuit. On June 15, 2012, Plaintiff's appeal was deemed to be in default by the Second Circuit. Plaintiff application to reinstate his appeal was denied. The Second Circuit held that Plaintiff's appeal was frivolous for the reasons fully stated in the March 15, 2012 Order, and found no showing of manifest injustice. On November 27, 2012, the Second Circuit dismissed Plaintiff's appeal.

On March 13, 2013 Plaintiff filed a document entitled "Motion for Relief from Decision/Order dated March 15, 2012;

Memorandum of mistakes of facts and laws in support of Plaintiff's motion for Relief from Decision/Order dated March 15, 2012" ("Initial Rule 60(b) Motion"). This submission was construed as a motion for relief pursuant to Rule 60(b) from the judgment issued on March 15, 2012.[1] On June 24, 2013, the Court issued an opinion denying the Initial Rule 60(b) Motion with prejudice. Wiltshire v. Williams, No. 10 Civ. 6947 (RWS), 2013 WL 3192137 (S.D.N.Y. June 24, 2013) ("Wiltshire III").

On April 24, 2013, seven days after the Initial Rule 60(b) Motion had been taken on submission by the Court,[2] Plaintiff submitted a brief entitled "Supplemental Memorandum of Facts and Authorities In Support of Plaintiff's Motion for Relief Pursuant to Rule 60(b)(1) of Fed. R. Civ. P." ("Supp. Mem.") See Dkt. 84. This submission has been construed as a second motion for reconsideration pursuant to Rule 60(b) ("Second Rule 60(b) Motion").

---

[1] A pro se litigant's pleading is construed liberally, and is read as raising the strongest possible arguments it suggests. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

[2] The Court granted Defendants' request for an extension of time to submit opposition papers until April 11, 2013. See Dkt. No. 80. Accordingly, under Local Rule 6.1, the deadline for filing reply papers on Plaintiff's Initial Rule 60(b) Motion was April 18, 2013, and the motion was taken on submission on that date.

4

On July 26, 2013, the Court denied the Second Rule 60(b) Motion with respect to the City Defendants. See Dkt. No. 86. As set forth below, the motion is also denied with respect to the DA Defendants.

**The Applicable Standard**

The "disposition of a Rule 60(b) motion rests within the sound discretion of the District Court," Canale v. Manco Power Sports, LLC, No. 06 Civ. 6131 (PKL), 2010 U.S. Dist. LEXIS 69652, at *5 (S.D.N.Y. July 13, 2010) (citing Tyger v. Air Line Pilots Ass'n, Int'l, No. 04 Civ. 55 (DLI) (RLM), 2007 U.S. Dist. LEXIS 16057, at *5 (E.D.N.Y. Mar. 7, 2007)), and "the burden of proof is on the party seeking relief from judgment." United States v. Int'l Bhd. Of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001).

Section (b) of Rule 60 is designed to "strike[] a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted). Rule 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding

5

> for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Id. The Second Circuit has cautioned district courts against reopening final judgments by using Rule 60(b). Nemaizer, 793 F.2d at 61 (quotation marks and citations omitted). Further, "courts should not encourage the reopening of final judgment or casually permit relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case." United States v. Cirami, 563 F.2d 26, 33 (2d Cir. 1977). In general, "[m]otions for relief under Rule 60(b) are disfavored, and are reserved for exceptional cases." Canale, 2010 U.S. Dist. LEXIS 69652, at *6.

Evidence in support of a Rule 60(b) motion must be "highly convincing." Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987) (citing Cirami, 563 F.2d at 33). To meet this standard, the movant must at a minimum present some

6

meritorious claim which the new evidence will allow him to pursue. See id. at 35 (granting 60(b) relief where the plaintiff had a "meritorious defense which could have been asserted but for a truly extraordinary turn of events"); Boehner v. Heise, No. 03 Civ. 5453 (THK), 2009 U.S. Dist. LEXIS 41471, at *10 (S.D.N.Y. May 14, 2009).

**Plaintiff's Rule 60(b) Motion Is Denied**

Plaintiff has contended that the Court erred in finding that the DA Defendants were immune from liability "by virtue of their office's purported state officialdom rather than by focusing on the nature of the functions, tasks, acts and duties they were performing at the time of plaintiff's claims of constitutional violations. The district court therefore erred by taking a 'titular' rather than the legally required 'functional' approach on the issue of immunity." Supp. Mem. at 3 (citations omitted).

However, in finding the DA Defendants immune from liability, this Court did in fact engage in a detailed discussion of the nature of prosecutorial immunity, including the distinction between Eleventh Amendment immunity for acts done in an official capacity, and absolute immunity for acts

7

done in an individual capacity, as well as the particular functions undertaken by the DA Defendants. See Wiltshire v. Williams, No. 10 Civ. 6947 (RWS), 2012 WL 899383, at **4-5 (S.D.N.Y. Mar. 16, 2012) ("Wiltshire II").

Plaintiff has also contended that the fact that the misdemeanor complaint against him was not converted to an information for a period of time following his arraignment precluded a finding that there had been probable cause for his arrest. See Supp. Mem. at 3-6. However, upon the filing of a misdemeanor complaint, prosecutors are granted 90 days to convert a complaint to an information and answer ready for trial. See N.Y. Cpl. L. § 30.30(1)(b). Accordingly, Plaintiff is incorrect in his contention that that every element of the crime charged against him, including his knowledge of the order of protection, had to be established prior to his being charged with a crime. Rather, the prosecution is granted the statutorily allotted 90 days in order to establish the service of the order of protection he was charged with violating.

Since "[t]he Amended Complaint is devoid of any allegation that the DA Defendants lacked jurisdiction in charging the Plaintiff [. . .] [and] because the acts alleged in the Amended Complaint . . . are all associated with the DA

8

Defendants' prosecutorial functions," Plaintiff's claims against the DA Defendants remain without merit, because Plaintiff "fails to allege any cause of action sufficient to overcome the DA Defendants' protection of immunity." Wiltshire II, 2012 WL 899383, at *5. Plaintiff has therefore failed to show any "mistake" that would merit relief under Rule 60(b).

**Conclusion**

Based on the conclusions set forth above, Plaintiff's motion for relief pursuant to Rule 60(b) is denied with prejudice.

**New York, NY**
**August 17, 2013**

_____
ROBERT W. SWEET
U.S.D.J.